IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LAWRENCE, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 03-4009 |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, PENNSYLVANIA | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, City of Philadelphia, by its undersigned attorneys, hereby answers and responds to the factual averments contained in the corresponding numbered paragraphs of Plaintiffs' Complaint as follows:

<u>Defendant's Response to Plaintiffs' Averments Concerning Jurisdiction and Venue</u>

1.-3.    The allegations in paragraphs 1-3 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraphs 1-3 may be deemed to be factual, they are denied.

<u>Defendant's Response to Plaintiffs' Averments Concerning the Parties</u>

4.    Admitted in part and denied in part. It is admitted that the City of Philadelphia is located within the Eastern District of Pennsylvania and that some of the plaintiffs were employed by defendant for different periods of time as Fire Service Paramedics. After

KRLSPHI:203850.1

reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4, which are therefore denied.

    5.    Admitted.

    6.    The allegations in paragraph 6 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 6 may be deemed to be factual, they are denied.

    7.    The allegations in paragraph 7 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 7 may be deemed to be factual, they are denied.

    8.    Admitted in part, denied in part. It is admitted that some of the plaintiffs were employed by defendant for different periods of time as Fire Service Paramedics. The remaining allegations of paragraph 8 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the remaining allegations of paragraph 8 may be deemed to be factual, they are denied.

    9.    The allegations in paragraph 9 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 9 may be deemed to be factual, they are denied.

    10.    The allegations in paragraph 10 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 10 may be deemed to be factual, they are denied.

11. The allegations in paragraph 11 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 11 may be deemed to be factual, they are denied.

### Defendant's Response to Plaintiffs' Averments Concerning the Claim

12. The allegations in paragraph 12 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 12 may be deemed to be factual, they are denied.

13. Denied.

14. Admitted in part, denied in part. It is admitted that some of the plaintiffs were employed by defendant for different periods of time as Fire Service Paramedics. Defendant denies the remaining allegations of paragraph 14.

15. The allegations in paragraph 15 are characterizations of the Complaint or conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the allegations of paragraph 15 may be deemed to be factual, they are denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted in part, denied in part. It is admitted that within the three years prior to the filing of plaintiffs' Complaint defendant was aware of and complied with the provisions of the Fair Labor Standards Act. Defendant denies the remaining allegations of paragraph 19.

20. Denied.

21. Admitted in part, denied in part. It is admitted that defendant maintains employment and payroll records for its employees. The remaining allegations in paragraph 21 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent that the remaining allegations of paragraph 21 may be deemed to be factual, they are denied.

WHEREFORE, Defendant respectfully requests that Plaintiffs' prayer for relief be denied, that judgment be entered in its favor and against the Plaintiffs, and that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs have received all compensation due them under law or the terms of their collective bargaining agreement.

### Third Affirmative Defense

Any extra time spent by plaintiffs stocking, cleaning and maintaining rescue units was *de minimis*, and therefore, non-compensable.

### Fourth Affirmative Defense

Stocking, cleaning and maintaining rescue units are preliminary or postliminary to the principal activities of Fire Service Paramedics, and are therefore non-compensable.

### Fifth Affirmative Defense

All actions taken by the defendant were in the exercise of good faith and defendants had reasonable grounds for believing that their actions did not violate the Fair Labor Standards Act, thus plaintiffs are not entitled to an award of liquidated damages.

### Sixth Affirmative Defense

In the event that plaintiffs failed to file this action within the prescribed statute of limitations, plaintiffs are barred from bringing said action and are barred from any relief arising from any allegations that are outside the prescribed statute of limitations.

### Seventh Affirmative Defense

Plaintiffs fail to state a claim for a willful violation of the Fair Labor Standards Act.

### Eighth Affirmative Defense

A collective action is not appropriate for this lawsuit and plaintiffs may not maintain a collective action under 29 U.S.C. §216(b).

### Ninth Affirmative Defense

Plaintiffs have received any and all overtime compensation due them under 29 U.S.C. §§203(y) and 207(k) and the Department of Labor regulations interpreting those statutory provisions.

### Tenth Affirmative Defense

Plaintiffs are not entitled to some or all of the relief requested in their Complaint.

### Eleventh Affirmative Defense

Plaintiffs are not entitled to a declaratory judgment.

### Twelfth Affirmative Defense

Plaintiffs are not entitled to an award of attorneys' fees.

### Thirteenth Affirmative Defense

Some plaintiffs' claims are barred in whole or in part by 29 U.S.C. §§213(a)(1) and/or (b)(20).

### Fourteenth Affirmative Defense

Defendants assert all affirmative defenses available under the Fair Labor Standards Act.

WHEREFORE, defendant preserves herein any and all other defenses it may have. Defendant reserves the right to assert such additional defenses that it deems necessary to its defense upon the completion of discovery. Defendant respectfully requests that the Complaint be dismissed with prejudice and that it be granted its reasonable costs and attorneys' fees, and whatever further relief the Court deems appropriate.

_/s/ [signature]_

MARK J. FOLEY (I.D. No. 49508)
GEORGE A. VOEGELE, JR. (I.D. No. 76812)
VICTORIA L. ZELLERS (I.D. No. 86021)
Klett Rooney Lieber & Schorling
A Professional Corporation
Two Logan Square, 12th Floor
Philadelphia, PA  19103-2756
(215) 567-7500

Attorneys for Defendant
CITY OF PHILADELPHIA

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of September, 2003 a true and correct copy of the foregoing Defendant's Answer to Plaintiffs' Complaint was served by first-class mail, postage prepaid, upon plaintiffs' counsel:

>Solomon Z. Krevsky, Esquire
>Markowitz & Krevsky
>208 East Market Street
>P.O. Box 392
>York, PA 17405-0392

>- and -

>Robert A. Jones, Esquire
>Chamberlain, Kaufman & Jones
>35 Fuller Road
>Albany, NY 12205

_____
GEORGE A. VOEGELE, JR.

KRLSPHI:203850.1