UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LAWRENCE, et al, ) | **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ORDER APPROVING SETTLEMENT** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | |
| ) | |
| ) | Civil Action No. 03-4009 |
| ) | |
| THE CITY OF PHILADELPHIA, ) | |
| PENNSYLVANIA, a municipal corporation, ) | Hon. Mary A. McLaughlin |
| ) | Hon. Elizabeth T. Hey |
| Defendant. ) | |
| ) | |
| ) | |
| DANIEL O'REILLY ) | |
| And others similarly situated, ) | |
| Plaintiff(s), ) | |
| ) | |
| -against- ) | Civil Action No. 08-3147 |
| ) | |
| THE CITY OF PHILADELPHIA, | |
| PENNSYLVANIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| DON ALSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| ) | Civil Action No. 04-2764 |
| THE CITY OF PHILADELPHIA, ) | |
| PENNSYLVANIA, a municipal corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

| | |
|---|---|
| JOHN HOLSTEIN,<br>    Plaintiff,<br><br>  vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>    Defendant. | Civil Action No. 06-0643 |
| GREGORY FLOOD,<br>    Plaintiff,<br><br>  vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>    Defendant. | Civil Action No. 04-cv-4832 |
| KINZEL E. EDWARDS,<br>    Plaintiff,<br><br>  vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>    Defendant. | Civil Action No. 04-4834 |
| MICHAEL R. SHANKS,<br>    Plaintiff,<br><br>  vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>    Defendant. | Civil Action No. 04-4833 |

| | |
|---|---|
| SAMUEL S. CHEN,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>　　　　　Defendant. | Civil Action No. 04-4835 |
| MATTHEW J. CRANE,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY OF PHILADELPHIA,<br>PENNSYLVANIA, a municipal corporation,<br><br>　　　　　Defendant. | Civil Action No. 04-4831 |

## **I.  Background of Litigation**

Plaintiffs are and were at all relevant times employees or former employees of defendant, City of Philadelphia, employed as Fire Service Paramedics or Fire Service Paramedic officers.  Plaintiffs contend they were not paid "overtime" wages for all hours worked over forty in a workweek resulting from their platoon schedule as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Plaintiffs bring their claims under 29 USC §216(b) as a collective action.  Under §216(b) each plaintiff has independently retained counsel to represent him or her in their FLSA action by executing a confidential retainer agreement for such purpose.  Plaintiffs claim the City improperly classified them as employees engaged in fire protection activities thus claiming they were partially exempt under FLSA Section 7(k), 29 U.S.C. §

207(k), from overtime compensation, and therefore failed to compensate them properly under the FLSA as set forth in their complaints.  They seek back pay, liquidated damages, attorney's fees and costs.

     After the initial filing of the *Lawrence* claim in July of 2003, the parties engaged in extensive discovery including approximately thirty depositions, hundreds of interrogatories, document requests resulting in thousands of pages of documents produced, and notices to admit.  During the course of the litigation there were several motions to the court related to discovery and other matters.  Eventually plaintiffs and defendant filed cross-motions for summary judgment.  After oral argument the district court granted the city's motion for summary judgment and dismissed the complaints.  Plaintiffs appealed.  During this time defendant was represented by the law firm of Klett-Rooney, and later by Cozen/O'Connor, and variously had four or more attorneys working on the case.  The case was vigorously defended by the city and strenuously prosecuted by Plaintiffs' counsel.  After briefing by all parties and numerous amicus, and after oral argument before the U.S. Court of Appeals for the Third Circuit, the Court reversed the judgment of the district court and ordered the court to enter summary judgment on liability for plaintiffs on their back-pay claim holding that the 207(k) partial exemption did not apply to Plaintiffs.  Defendant filed its petition for *certiorari* to the U.S. Supreme Court and plaintiffs filed their opposition.  The Supreme Court denied defendant's petition.  The city subsequently retained the law firm of Ballard Spahr to represent it in this litigation.

     Following remand from the U.S. Court of Appeals for the Third Circuit, *Lawrence, et al v. City of Philadelphia*, 527 F.3d 299 (3rd Cir. 2008), the district court entered judgment in favor of the *Lawrence* plaintiffs on liability on their claim for back pay based on working more than 40 hours in some weeks under their regular platoon

schedule.  Issues remaining included whether and for how much the city was liable for liquidated damages, whether plaintiffs were entitled to damages for a third year under the statute of limitations and whether some plaintiffs who filed separate claims, consolidated above, were entitled to damages for allegedly working off-the-clock at the beginning and end of their shifts.  In addition, because some plaintiffs were promoted to officer rank during the pendency of the litigation and seven others joined the *O'Reilly* case who had been promoted to officer rank, the city asserted the additional (executive and/or administrative) exemptions under 29 USC §213 barred recovery for the time these plaintiffs held permanent officer rank.

The plaintiffs in *O'Reilly, et al v. City of Philadelphia* are similarly situated to those in the *Lawrence* case.  The *O'Reilly* plaintiffs filed their lawsuit and consents after the opt-in period in *Lawrence* had closed.  There are 254 plaintiffs in *Lawrence* and 72 plaintiffs in *O'Reilly* for a total of 326 plaintiffs.

The remaining cases listed in the caption (those other than *Lawrence* and *O'Reilly*) are single plaintiff cases alleging off-the-clock time for work before and after plaintiff's scheduled work shift, e.g., stocking and cleaning the medic units and inventorying drugs.  These Plaintiffs are also Plaintiffs in the *Lawrence* case.

The City of Philadelphia has at all times disputed the basis of the claims.

## II.  The Settlement

The Settlement Agreement (and its appendices) is attached to the Declaration of Robert A. Jones as Exhibit 1 and incorporated herein as though set forth at length. All 326 plaintiffs were sent the eleven pages of the Settlement Agreement together with appendix

information pertinent to each individual plaintiff. Plaintiffs were previously provided the attendance (including leave data), paid overtime worked and work schedule data kept by the city as well as the court approved damages formula (See Docket No. 172) for their review.[1] With all this information, plaintiffs will be able to make an informed decision whether to accept the settlement. Also sent with this "package" were the Release (Appendix D to the Agreement) and a W-4 form for plaintiffs to complete in accordance with the terms of the Settlement Agreement. Plaintiffs' counsel is in the process of receiving the executed documents required for each plaintiff under the terms of the settlement agreement indicating each respective individual plaintiff's acceptance of the settlement.

The City of Philadelphia has approved the settlement.

The Settlement

In general, the City of Philadelphia ("the City") has agreed to provide back pay for hours worked by plaintiffs over 40 hours per workweek based on working more than 40 hours in some weeks under their regular platoon schedule for which they have not already been compensated. This means the city has agreed to pay time and one-half the plaintiffs' regular rate of pay for those hours worked over 40 based on working more than 40 hours in some weeks under their regular platoon schedule with certain set-offs as set forth in the damages formula previously approved by the court. Payment of overtime for these hours

---

[1] After feedback from some Plaintiffs certain coded data was eliminated from use in the damages formula in response to such feedback. For example, the code "VB" (vacation buyback) was initially included as a form of "leave taken" but after feedback by some plaintiffs was sent to the city's attorneys by Plaintiffs' counsel, and after review by the city of the feedback, this code was no longer included as a form of "leave" taken for purposes of the damages formula calculations.

for those plaintiffs covered by the judgment in *Lawrence* is required by the filed judgment. The city has also agreed to pay liquidated damages in an amount equal to 65% of the back pay owed to each plaintiff, other than time spent in an officer rank.[2] In addition, for certain plaintiffs listed in the settlement agreement, the city has agreed to add 15 minutes for each shift they worked to settle claims for alleged unpaid work time before and after their work shift. These payments are not required by any court judgment.

The court has previously approved a "damages formula" (see docket No. 172) that was used to calculate the amount of back pay for each of the 326 plaintiffs. The attorneys for all parties agree that the formula conforms to the terms of the settlement agreement and that each plaintiff's individual "numbers" were calculated according to the formula.

For all plaintiffs (except for time spent in officer ranks) the City will pay each plaintiff 100% of the calculated back pay beginning from two years before each individual plaintiff filed a consent and continuing to December, 2008 when the city began paying overtime for work over 40 hours per week, subject to offsets consistent with those in the damages formula approved by the court.[3]

For the plaintiffs who had "officer time," that is, time during which the plaintiff

---

[2] This is a minimum percentage. For those plaintiffs whose claim time includes some or all of the time during which the district court's decision in favor of the city was extant before reversal on appeal this percentage is actually higher because plaintiffs likely would have conceded that the city would owe no liquidated damages for that time period (although they would have sought interest for this time period). This time period is 9/29/06 to 5/28/08. Most, if not all of the *O'Reilly* plaintiffs have all or a substantial amount of their claim period encompassing this time period. This fact was given weight in resolving the claims of the *O'Reilly* plaintiffs as well as the overall liquidated damages issue.

[3] The city later changed the previous platoon schedule that resulted in paramedics being scheduled to work 48 hours in some weeks.

had been promoted to lieutenant or captain rank, the city had asserted the Executive and/or Administrative exemptions of 29 USC §213.  No court determination was ever made on the validity of these claims.  For this time counsel agreed to recommend a settlement that would provide the plaintiffs an amount equal to approximately 96% of the back pay that would have been due if the city had been found liable for this time, characterized 60% back pay and 40% non-wages (liquidated damages and/or interest).  The settlement was based on the city paying $100,000 total for this "officer time."

In addition, Plaintiffs' counsel and counsel for the City have agreed that each plaintiff will be paid simple interest of 6% on the calculated back pay, liquidated damages and attorney's fees amount as set forth in the settlement agreement if the city does not comply with its obligations as set forth in the agreement as to timeliness of payments.  An additional $25,000 in a lump sum shall be paid over to Plaintiffs' counsel to be apportioned among certain plaintiffs in the discretion of plaintiffs' counsel to facilitate the universal settlement.   An additional amount characterized and denominated as "attorneys fees" of $700,000 shall also be paid by the city on behalf of Plaintiffs.

Finally, at the time the settlement agreement was negotiated, there were three plaintiffs who had passed away during the pendency of their claims.  For these, the city has agreed to pay $3,000 to each toward the costs of opening an estate to substitute for the plaintiff under Fed.R.Civ.P. 25 if an estate was not already open.

### III.  Argument

Employees' claims under the FLSA are non-waivable and thus may not be settled without supervision of either the Secretary of Labor or a district court. *Barrentine v. Ark.-*

*Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Copeland v. ABB, Inc.,* 521 F.3d 1010, 1014 (8th Cir. 2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States*, supra, at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id. at 1354*.

As set forth in the Declarations of Robert A. Jones and Shannon Farmer, the Settlement is a fair and reasonable resolution of a bona fide dispute. The initial case, *Lawrence, et al v. City of Philadelphia*, was filed in 2003. The City prevailed on summary judgment in this court but was reversed in the Third Circuit Court of Appeals. By order of the Third Circuit, this Court then granted summary judgment in favor of plaintiffs on remand and the parties have endeavored to reach a settlement of the claims since then.

After several months of settlement negotiations, settlement discussions continued before United States District Court Magistrate Judge Elizabeth T. Hey who served as a mediator and evaluator of the positions of the respective parties at the February 22, 2010 settlement conference, and has continued to do so since then.

Even though plaintiffs have prevailed on the issue of back pay liability at this stage

of the proceedings, remaining issues of liquidated damages, a third year of the statute of limitations, claims for "off-the-clock" work and "officer time" exemption issues are yet to be resolved. All of these issues involve both facts and law. Some would require additional discovery and continued litigation if not settled by compromise. The number of plaintiffs alone indicates the complexity of further litigation and the time involved to bring each individual back pay case to a conclusion. Even though plaintiffs have prevailed on the back pay part of their claim, the time involved to determine the remaining issues may result in plaintiffs not receiving any back wages until all the issues are decided and any further appeals concluded -- which could take several more years.[4]

The FLSA provides for back pay and liquidated damages (double back pay) in most cases, together with costs and attorneys fees. The settlement provides for 100% of back pay (except for the "officer time" plaintiffs), together with 65% liquidated damages (or more - see n.2), plus payment by the city of an additional amount of $700,000 denominated as "attorney's fees." These percentages represent a compromise on the part of plaintiffs of amounts they could have expected, i.e., 165% instead of 200% of amounts of back pay and liquidated damages not paid.

On the other hand, although the burden on the city is a heavy one and liquidated damages are the norm, single damages the exception, the City has a strong interest, motivation and duty to try to prove that the employees are not entitled to liquidated damages at all, relying, in part, on the fact that this Court granted the City summary judgment in the first go around. The same is true for the "third year" issue, an issue for which the plaintiffs bear the burden of proof. These are issues which the district court has not yet decided. The same is true with respect to the "off-the-clock" claims by some Plaintiffs, especially

---

[4] Four Plaintiffs have passed away during the seven years this case has now been litigated.

regarding "how much time," and the exemption issues for the "officer time."  Each side (as in any litigation) bears some risk in continuing to litigate unresolved issues.  Both parties are also cognizant of the possibility that the law can change in the coming years.  These factors diminish the prospect of a "clean win" on back pay plus liquidated or double damages and a third year (statute of limitations) and thus makes the settlement of 165% a reasonable, fair compromise of plaintiffs' claims.  Indeed, plaintiffs' counsel expect that all plaintiffs will accept the settlement.

Conversely, the city recognizes the risk of failing to sustain its burden on its "good faith" defense to liquidated damages.  The parties also recognize that even if the city sustained its burden of proving its good faith, the court would still have the discretion to award some liquidated damages and, if no liquidated damages, then interest.  In the end all parties bear some risk on the issue and are willing to compromise that risk with this settlement.

The final factor, opinions of counsel, as set forth in the Declarations of Robert A. Jones and Shannon Farmer, show support for the settlement.  These are experienced labor law attorneys who have litigated this matter vigorously.  Ballard, Spahr, and Shannon Farmer specifically, have handled a number of FLSA cases over the past 10 years.  Chamberlain, Kaufman & Jones, and Robert Jones specifically, have a national reputation in FLSA litigation.  Indeed, in addition to arguing and winning this case in the Third Circuit, Chamberlain, Kaufman & Jones litigated and won *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005).

The proposed settlement is fair and reasonable.  The complexity, expense and likely duration of the litigation and amount of future discovery (for some issues) needed before dispositive motions and/or trial, the risk for Plaintiffs of not recovering the full 200% of back

pay and liquidated damages, the risk for defendant of having to pay the full 200% of back pay and liquidated damages, and the recommendation of experienced plaintiffs' counsel in this area of litigation all support the conclusion that the settlement is fair and reasonable.

The parties therefore request that the Court approve the settlement.

Respectfully submitted,

Dated: June 29, 2010                CHAMBERLAIN, KAUFMAN& JONES

By:_____/s/_____
Robert A. Jones
Attorneys for Plaintiffs


Dated: June 29, 2010                BALLARD SPAHR LLP

By: _____/s/_____
Shannon Farmer
Attorneys for Defendant